# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

CLERK'S OFFICE
A TRUE COPY
Feb 08, 2023
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

**two black Apple iPhones**

Case No. 23 MJ 15

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the **Eastern** District of **Wisconsin**, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | possession with intent to distribute a controlled substance, unlawful possession of |
| 18 U.S.C. § 922(g)(1) and § 924(c)(1)(A) | a firearm by a prohibited person, and possession of a firearm in furtherance of a drug trafficking crime |

The application is based on these facts:
See the attached affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Donald J. Gaglione, Jr., Task Force Officer (FBI)
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by **telephone** *(specify reliable electronic means)*.

Date: 2/8/2023

*Judge's signature*

City and state: Milwaukee, Wisconsin

William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Donald J. Gaglione, Jr., being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—electronic devices ("Devices")—which are currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. On November 1, 2022, the Honorable Nancy Joseph, issued a warrant to search the subject devices—a black Apple iPhone in a black Otter Box case with a cracked screen, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 4 ("Device 1") and a black Apple iPhone, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 5 ("Device 2")—in Case No. 22-995M. The Devices were provided to FBI's Computer Analysis Response Team (CART), which handles forensic examination of electronic devices; but, CART did not execute the warrant before the execution deadline on November 15, 2022. In this warrant, I seek a supplemental warrant authorizing the examination of the Devices.

3. I am a Detective with the Milwaukee Police Department, and have been employed as a sworn law enforcement officer since December 2015. I am currently assigned to the Milwaukee Police Department's Special Investigations Division and as a Task Force Officer with the Federal Bureau of Investigation's Milwaukee Area Safe Streets Task Force.

4. I have participated in the investigation of narcotics-related offenses, resulting in the prosecution and conviction of individuals and the seizure of illegal drugs, weapons, United States currency, and other evidence of criminal activity. I have interviewed many individuals

involved in drug trafficking and have obtained information from them regarding the acquisition, sale, importation, manufacture, and distribution of controlled substances. Through my training and experience, I am familiar with the actions, habits, traits, methods, and terminology used by the traffickers and users of controlled substances. I have participated in all aspects of drug investigations, including physical surveillance, execution of search warrants, undercover operations, analysis of phone records, and the arrests of numerous drug traffickers. I have also been the affiant of several search warrants. I have participated in the execution of numerous search warrants in which controlled substances, drug paraphernalia, drug proceeds, drug-related records, financial records, and electronic devices with data were seized. I know that drug traffickers commonly have in their possession, and at their residences and other locations where they exercise dominion and control, firearms, ammunition, and records or receipts pertaining to such, both physical and digital.

5. I know that individuals involved in drug trafficking frequently use cellular telephones to communicate and arrange transactions with their sources, customers, and co-conspirators in the distribution of controlled substances. I have also found it very common for crime suspects to use their cellular telephones to communicate aurally or via text message with individuals with whom they purchase, trade, or otherwise negotiate to obtain illegal drugs. I also believe that it is common for crime suspects who possess illegal controlled substances and firearms to often take or cause to be taken photographs and other visual depictions of themselves, their associates, and the illegal controlled substances and firearms that they control, possess, buy, and sell.

6. The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other law enforcement

2

officers, agents, and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

7. The property to be searched is described as follows:

   a. A black Apple iPhone in a black Otter Box case with a cracked screen, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 4 ("Device 1"); and

   b. A black Apple iPhone, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 5 ("Device 2").

8. Both Device 1 and Device 2 are currently located at the Federal Bureau of Investigation's Milwaukee Field Office located at 3600 South Lake Drive, Saint Francis, Wisconsin 53235.

9. The applied-for warrant would authorize the forensic examination of these Devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

10. On Wednesday, August 31, 2022, officers of the Milwaukee Police Department were conducting surveillance prior to the execution of a state search warrant of 4719 North 36th Street, Milwaukee, Wisconsin.

11. At approximately 10:15 a.m., a black Chevrolet Silverado bearing Wisconsin license plate AMH-8612 arrived and stopped in the road in front of 4719 North 36th Street. A short time later, two occupants of the residence exited from the rear of 4719 North 36th Street

3

and began to walk towards the front of the residence. One of the two occupants was the target of the state search warrant–Gionlo Finch. The other was Manuel Franklin. At the same time, the driver of the Chevrolet Silverado, later identified as Darius K. Triblett, exited the driver's seat and walked around the rear of the vehicle to the passenger side to meet with the two subjects that exited from the residence. As they met, the front passenger door of the vehicle was opened.

12. Officers moved in and detained all three subjects pending the execution of the search warrant. While standing alongside the Chevrolet Silverado, Detective Martez Ball observed a black semi-automatic Glock pistol in the center console area in plain view through the driver's side. Detective Joseph Lanza observed the same from the passenger side open door.

13. The driver and sole occupant of the Chevrolet Silverado was identified as Darius K. TRIBLETT (DOB: 03/11/1994). A record check of TRIBLETT revealed that he had previously been convicted of a felony for unlawful possession of a firearm by an adjudicated delinquent and possession of marijuana as a second or subsequent offense in Milwaukee County Case No. 2018CF000456.

14. Officers subsequently conducted a search of TRIBLETT's Chevrolet Silverado and found a loaded Glock Model 43 9mm semi-auto pistol bearing serial number BEFF736, which had been reported stolen. Officers also found a black backpack on the front passenger seat, which contained suspected marijuana, heroin, and methamphetamine, along with Dutch brand cigars. These substances later field tested positive for tetrahydrocannabinol, opiates, and amphetamine, respectively. The suspected marijuana weighed approximately 199.1 grams; the suspected heroin weighed approximately 4.87 grams; and, the suspected methamphetamine weighed approximately 26.4 grams. Based on my training and experience, the quantity, value,

and packaging of the controlled substances were consistent with street-level drug trafficking. Officers also recovered Device 2, which was plugged in, from the center console.

15. During the subsequent arrest of TRIBLETT, officers recovered Device 1 from TRIBLETT's person.

16. The license plate affixed was not registered to the Chevrolet Silverado, which is a common method used by drug traffickers to evade law enforcement.

17. The Devices are currently in the lawful possession of the Milwaukee Office of the Federal Bureau of Investigation. Therefore, while the Federal Bureau of Investigation might already have all necessary authority to examine the Devices, I seek this additional warrant out of an abundance of caution to be certain that an examination of the Devices will comply with the Fourth Amendment and other applicable laws.

18. The Devices are currently in storage at 3600 South Lake Drive, Saint Francis, Wisconsin 53235. In my training and experience, I know that the Devices have been stored in a manner in which their contents are, to the extent material to this investigation, in substantially the same state as they were when the Devices first came into the possession of the Milwaukee Police Department and the Federal Bureau of Investigation.

## TECHNICAL TERMS

19. Based on my training and experience, I use the following technical terms to convey the following meanings:

- c. Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless

5

telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

d. Digital camera: A digital camera is a camera that records pictures as digital picture files, rather than by using photographic film. Digital cameras use a variety of fixed and removable storage media to store their recorded images. Images can usually be retrieved by connecting the camera to a computer or by connecting the removable storage medium to a separate reader. Removable storage media include various types of flash memory cards or miniature hard drives. Most digital cameras also include a screen for viewing the stored images. This storage media can contain any digital data, including data unrelated to photographs or videos.

e. Portable media player: A portable media player (or "MP3 Player" or iPod) is a handheld digital storage device designed primarily to store and play audio, video, or photographic files. However, a portable media player can also store other digital data. Some portable media players can use removable storage media. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can also store any digital data. Depending on the model, a portable media player may have the ability to store very large amounts of electronic data and may offer additional features such as a calendar, contact list, clock, or games.

f. GPS: A GPS navigation device uses the Global Positioning System to display its current location. It often contains records the locations where it has been. Some GPS navigation devices can give a user driving or walking directions to another location. These devices can contain records of the addresses or locations involved in such navigation. The Global Positioning System (generally abbreviated "GPS") consists of 24 NAVSTAR satellites orbiting the Earth. Each satellite contains an extremely accurate clock. Each satellite repeatedly transmits by radio a mathematical representation of the current time, combined with a special sequence of numbers. These signals are sent by radio, using specifications that are publicly available. A GPS antenna on Earth can receive those signals. When a GPS antenna receives signals from at least four satellites, a computer connected to that antenna can mathematically calculate the antenna's latitude, longitude, and sometimes altitude with a high level of precision.

g. PDA: A personal digital assistant, or PDA, is a handheld electronic device used for storing data (such as names, addresses, appointments or notes) and utilizing computer programs. Some PDAs also function as wireless communication

6

devices and are used to access the Internet and send and receive e-mail. PDAs usually include a memory card or other removable storage media for storing data and a keyboard and/or touch screen for entering data. Removable storage media include various types of flash memory cards or miniature hard drives. This removable storage media can store any digital data. Most PDAs run computer software, giving them many of the same capabilities as personal computers. For example, PDA users can work with word-processing documents, spreadsheets, and presentations. PDAs may also include global positioning system ("GPS") technology for determining the location of the device.

h. IP Address: An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the Internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the Internet computer must be assigned an IP address so that Internet traffic sent from and directed to that computer may be directed properly from its source to its destination. Most Internet service providers control a range of IP addresses. Some computers have static—that is, long-term—IP addresses, while other computers have dynamic—that is, frequently changed—IP addresses.

i. Internet: The Internet is a global network of computers and other electronic devices that communicate with each other. Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

20. Based on my training, experience, and research, I know that the Devices have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## **ELECTRONIC STORAGE AND FORENSIC ANALYSIS**

21. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

7

Case 2:23-mj-00015-WED    Filed 02/08/23    Page 8 of 18    Document 1

22.     *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

   j. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   k. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   l. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   m. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

   n. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23.     *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the devices consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose

8

many parts of the devices to human inspection in order to determine whether it is evidence described by the warrant.

24.  *Manner of execution.*  Because this warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premise.  Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

25.  I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the Devices described in Attachment A to seek the items described in Attachment B.

# ATTACHMENT A

The property to be searched is described as follows:

a. A black Apple iPhone in a black Otter Box case with a cracked screen, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 4 ("Device 1"); and

b. A black Apple iPhone, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 5 ("Device 2").

Both Device 1 and Device 2 are currently located at the Federal Bureau of Investigation's Milwaukee Field Office located at 3600 South Lake Drive, Saint Francis, Wisconsin 53235.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records and information on the Devices described in Attachment A that relate to violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(c)(1)(A) and involve Darius K. TRIBLETT (DOB: 03/11/1994) including but not limited to:

   a. Any information relating to the intent to distribute, manufacture, or dispense controlled substances;

   b. Any information relating to the possession of controlled substances or firearms;

   c. Any information relating to methods of packaging, distribute, and sale of controlled substances;

   d. Any information about the intent for the possession of firearms;

   e. Any information about the use, custody, control, possession, or ownership of a Chevrolet Silverado bearing Wisconsin license plate AMH-8612;

   f. Any information about the relationships between Darius K. TRIBLETT, Gionlo Finch, and Manuel Franklin;

   g. Lists of customers and related identifying information;

   h. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   i. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   j. Any information related to the source or purchase of firearms (including names, addresses, phone numbers, or any other identifying information);

   k. any information recording Darius K. TRIBLETT's identity, schedule, movements, or travel;

l. All bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used, possessed, controlled, or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means

☐ Original ☐

CLERK'S OFFICE
A TRUE COPY
Feb 08, 2023
s/ D. Olszewski
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of *(Briefly describe the property to be searched or identify the person by name and address)* two black Apple iPhones | ) ) ) ) ) ) | Case No. 23 MJ 15 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the __Eastern__ District of __Wisconsin__
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before __2/22/2023__ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.   ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to __William E. Duffin, U.S. Magistrate Judge__.
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __2/8/2023 at 12:27 PM__

*Judge's signature*

City and state: __Milwaukee, Wisconsin__    William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

  I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

# ATTACHMENT A

The property to be searched is described as follows:

a. A black Apple iPhone in a black Otter Box case with a cracked screen, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 4 ("Device 1"); and

b. A black Apple iPhone, previously in evidence under Milwaukee Police Department Inventory No. 22032309, Item No. 5 ("Device 2").

Both Device 1 and Device 2 are currently located at the Federal Bureau of Investigation's Milwaukee Field Office located at 3600 South Lake Drive, Saint Francis, Wisconsin 53235.

This warrant authorizes the forensic examination of the Devices for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records and information on the Devices described in Attachment A that relate to violations of 21 U.S.C. § 841(a)(1), 18 U.S.C. § 922(g)(1), and 18 U.S.C. § 924(c)(1)(A) and involve Darius K. TRIBLETT (DOB: 03/11/1994) including but not limited to:

   a. Any information relating to the intent to distribute, manufacture, or dispense controlled substances;

   b. Any information relating to the possession of controlled substances or firearms;

   c. Any information relating to methods of packaging, distribute, and sale of controlled substances;

   d. Any information about the intent for the possession of firearms;

   e. Any information about the use, custody, control, possession, or ownership of a Chevrolet Silverado bearing Wisconsin license plate AMH-8612;

   f. Any information about the relationships between Darius K. TRIBLETT, Gionlo Finch, and Manuel Franklin;

   g. Lists of customers and related identifying information;

   h. Types, amounts, and prices of drugs trafficked as well as dates, places, and amounts of specific transactions;

   i. Any information related to sources of drugs (including names, addresses, phone numbers, or any other identifying information);

   j. Any information related to the source or purchase of firearms (including names, addresses, phone numbers, or any other identifying information);

   k. any information recording Darius K. TRIBLETT's identity, schedule, movements, or travel;

l. All bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used, possessed, controlled, or owned the Devices at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.